## POLLARD *v.* VERBECK.

Where a cause has been referred to an auditor whose report has been used as evidence on the trial, the court will not upon review appoint another auditor, without first discharging the original appointment and vacating the report.

Whether in such case the court have the power to discharge the original appointment, vacate the report, and appoint another auditor. *Quære.*

ASSUMPSIT. The case was originally referred to an auditor, who made a report in favor of the original plain-

tiff, and a verdict was rendered in his favor upon trial, in which the report was used as evidence. Judgment was rendered upon the verdict, and was satisfied. The original defendant brought his writ of review, and submitted a motion that a new auditor be appointed, and the cause sent to him.

*Duncan,* for the plaintiff in review.

*Kittredge,* for the defendant.

WOODS, J. The Revised Statutes, chapter 189, providing for the appointment of auditors, authorizes their appointment in the cases there designated, and also enables the court to discharge them and to appoint new, in proper cases.

The report of an auditor when accepted, is by the same statute made evidence to be used on trial of the cause before the jury, subject to be impeached by evidence offered by either party; or in other words, it is *primâ facie* evidence of the truth of the facts legally reported.

It is apparent that the court can have no authority to appoint two sets of auditors, each having power to make a legal report in the original action. The statute confers no such power; and besides, the proceeding would create obvious embarrassments. Each report going to the jury as *primâ facie* evidence, there might be a conflict, and a difficult question would arise, upon the effect to be given to them as evidence.

The only sensible construction to be given to the statute is, that upon the report of an auditor being made and accepted, the power of the court under the statute to appoint an auditor is exhausted, unless sufficient cause be shown to discharge or to vacate the first appointment and the proceedings under it.

Does the review of the action enlarge or otherwise affect the power of the court to appoint an auditor?

The statute provides (Rev. Stat., chap. 192) that every case shall be tried upon review in the same manner as if no judgment had been rendered therein; and requires copies of all the papers used at the former trial to be produced.

The same objection to having two separate reports would seem to exist in such a case, as in the case of an original action.

But whether the review does or does not suspend the power of the court to discharge the auditor's report, and the auditor himself, and to appoint another if a proper occasion is shown for such proceeding, is a question not arising upon this case and not necessary to be decided. It may perhaps be re-committed after review to the auditor for correction, if not for re-hearing, if evidence be exhibited of gross error in the original report.

*Motion for a new auditor denied.*